IN THE UNITED STATES DISTRICT COURT

FOR THE NOTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | No. 3:24-CV- |
| $17,050 in U.S. Currency, | |
| Defendant in Rem. | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against $17,050 in U.S. currency ("Defendant Property"):

## NATURE OF THE ACTION

1.      This is a forfeiture action under 18 U.S.C. § 981(a)(1)(C).  The United States seeks the forfeiture of the Defendant Property, because it is property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 932 and/or 18 U.S.C. § 933, specified unlawful activities as defined in 18 U.S.C. § 1956(c)(7)(D).

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and in rem jurisdiction is proper under 28 U.S.C. § 1355(b).

3.      Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b), because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

## PARTIES

4.      The Plaintiff is the United States of America.

5.      The Defendant Property is $17,050 in U.S. currency.  The Defendant Property was seized from Alexander Pena on October 10, 2023 following a traffic stop. On October 13, 2023, it was deposited into a Loomis bank account in Dallas, Texas.

6.      Alexander Pena ("Pena"), a resident of Grand Prairie, Texas, claimed the Defendant Property on January 8, 2024, and sought judicial referral.

## FACTS

7.      The factual basis for the forfeiture in this case involves a joint investigation by the Drug Enforcement Administration ("DEA") and the Bureau of Alcohol, Tobacco and Firearms ("ATF") into drug and firearms trafficking by Belisario Martinez. As part of the investigation, federal law enforcement obtained a Title III federal wiretap on Martinez's snapchat account mtz23232323.

8.      Using this account, Martinez communicated with a user "pena_alex13", which through various investigative techniques, agents identified as belonging to Alexander Pena.

9.      The intercepted messages took place in a series of snapchat chat messages and voice notes, in a mix of both Spanish and English. All messages have been translated to English by Spanish-speaking linguists.

10.     The conversations suggest that Martinez conspired with Pena to conduct a straw purchase of a 50-caliber rifle.

11.     Agents have identified Martinez as participating in the trafficking of both narcotics (cocaine) and firearms from the United States to Mexico.

12.     The following messages were intercepted on the snapchat account between Martinez and Pena on October 8, 2023 at 2:18 p.m.:

PENA: "You don't even have to give more the first time; just give me what it's worth, that way you know he will get it for you. Fourth**. And I'll go back and grouch. He don't got the 16k, but I can make sure he gets it and I'll deliver, just you have to give me the cash for it. It's at a gun store I just bought a big ass box truck. Haha."

MARTINEZ: "I know that you are not going to rob me, bro, bro but I already lost a lot of money, that's why I tell you, hand it over to me and I'll pay you. I'll give you 20 thousand for that weapon. I don't play. I need them."

PENA: "Asshole, haha. It's about 15, but if they're that high I need to get the money from you. You can trust me, brother. I don't like "azada", but I won't lie; it's around 15-16. I am giving my buddy the money in cash. Okay. Do you have a short firearm; do you want it? I'm a look."

MARTINEZ: "Barret 50. 18k."

PENA: "18 what? Let me talk to him. I'll do it and have him do it. I got you, bro."

MARTINEZ: "I can pay up to 18 only, bro. I've lost alot of money, when I pay upfront they end up taking the firearm. If you want to make a deal once you have it with you and hand it over, I'll pay you the money. It's has to be a Barret 50 automatic or a minimi."

PENA: "Or what?"

MARTINEZ "What?"

PENA: "I have a friend that works at a firearm store, he will get you."

13.    On October 8, 2023, the conversation continued at 3:24 p.m.:

MARTINEZ: "how much money do you need to complete it."

PENA: "He said it's 15/16 k."

PENA: "Let me know; the firearm exposition closes later on. I'm not your other friends, if I'm a do this deal with you I'll be sure it goes right and he will too. If you want to or not, I was just seeing cause I remember so was going to help him out. He's good, he buys guns all the time, but he don't' have that either. I know, bro but I can't pull that out right now."

MARTINEZ: "The Federal Arms are very strong everywhere. Days ago I lost 10 thousand dollars from a friend, they took it from me, understand that if you give it to me in my hands I will give you the cash without any problem but I will no longer play with all the money"

PENA: "And I'll get it from you, and make sure he gets it and bring it to you."

14.    On October 8, 2023, the conversation continued between 7:04 p.m. and

7:07 p.m.:

PENA "Or no?"

MARTINEZ "I already told you. I will not put all the money, dude. Put your money and I got you. I got you with everything. Give me the Barret and I got you the money."

15.    At 8:44 p.m., PENA sent MARTINEZ a picture of what appears to be a 50

caliber rifle from texasguntrader.com and then sends MARTINEZ a question mark (?).

16.    Several minutes later MARTINEZ responded to PENA and the conversation continued:

Martinez: "automatic?"

PENA "No it's has the bolt; all automatic?"

MARTINEZ "No, this no good, bro. No good. I like it Barrett automatic, you know?"
PENA "ok. Just snipers?"
PENA "So I buy it got 8k how much you wanna do it; I'll get it"
PENA: "Just texted you."

17.     On October 9, 2023, the following messages were exchanged between Martinez and Pena using snapchat:

PENA: "Where are you?"
PENA: "Gonna go look today."
PENA "What's your number?"

18.     On October 10, 2023, Martinez sent Pena a video of Martinez opening three drawers which contained what appeared to be multiple kilograms of cocaine.

19.     On October 10, 2023, agents set up surveillance at Martinez's apartment complex located at 3001 Crockett Street in Fort Worth, Texas, based on intercepted communication between Martinez and another individual who was planning to purchase one kilogram of cocaine from Martinez.

20.     At approximately 8:03 p.m. on October 10, 2023, agents observed Martinez's black Cadillac Escalade pull into the parking garage of the complex.

21.     At approximately 8:06 p.m., agents observed a white Ford pickup, bearing Texas license plate THJ6872, pull into the parking garage and meet with Martinez. The Ford pickup was registered to Alexander Pena at a Grand Prairie address.

22.    At approximately 8:08 p.m., agents observed Martinez and another individual meet with the driver of the white Ford pickup, later identified to be Pena. Agents observed Martinez remove a large gun case from the Ford pickup and place it into Martinez's Cadillac Escalade.

23.    At approximately 8:14 pm, agents observed Pena depart in the Ford pickup. Agents followed Pena as he departed.

24.    At approximately 8:20 p.m., Fort Worth Police Department marked patrol cars conducted a traffic stop of Pena for traffic infractions. During the traffic stop, officers conducted a search of the Ford pickup and located a large undetermined amount of U.S. Currency (the Defendant Property) on the front passenger seat of the vehicle, pictured below:



25.    Fort Worth Police officers took custody of the currency and released Pena.

26.     Fort Worth Police Officers subsequently released the U.S. currency to DEA Special Agent Durham, who placed it in a sealed evidence bag. The currency was subsequently transported to the Dallas Field Division, and later deposited into a Loomis Bank Account on October 13, 2023.

27.     On February 14, 2024, Martinez was indicted in the Northern District of Texas on one count of Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846, one count of Conspiracy to Traffic Firearms in violation of 18 U.S.C. § 933 for the trafficking of three 50-caliber rifles, and three counts of Making a False Statement in violation of 18 U.S.C. § 922(a)(2) and 2 in connection with the alleged straw purchases of the same three trafficked 50-caliber rifles.

28.     In a proffer with law enforcement, Martinez confirmed he got the 50-caliber rifle from Pena on October 10, 2023, as observed by Agents on surveillance. Martinez also positively identified Pena in a picture shown to him.

29.     The straw purchase of the 50-caliber rifle and subsequent transfer from Pena to Martinez on October 10, 2023 affected interstate commerce.

30.     Based on their communications, Pena knew at the time he conspired with Martinez and others to purchase the firearm on behalf of Martinez, that Martinez was a prohibited person under 18 U.S.C. § 922(d) who was a felon, having been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and/or

who intended to sell or otherwise dispose of the firearm or ammunition in furtherance of a felony or a drug trafficking offense.

31.     Furthermore, Pena knew or had reasonable cause to believe at the time he transferred the 50-caliber rifle to Martinez on October 10, 2023 that the use, carrying or possession of a firearm by the recipient would constitute a felony.

## FIRST CAUSE OF ACTION
### 18 U.S.C. § 981(a)(1)(C)
### (forfeiture related to violation of 18 U.S.C. § 932)

32.     The United States reasserts all allegations previously made.

33.     Under 18 U.S.C. § 981(a)(l)(C), any property which constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," or a conspiracy to commit such offense, is subject to forfeiture to the United States.

34.     Under 18 U.S.C. § 1956(c)(7)(D), an offense under 18 U.S.C. § 932 related to straw purchasing a firearm is a specified unlawful activity.

35.     18 U.S.C. § 932 makes it unlawful or any person to knowingly purchase, or conspire to purchase, any firearm in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any other person, knowing or having reasonable cause to believe that such other person:

> (1) meets the criteria of 1 or more paragraphs of section 922(d)
> (2) intends to use, carry, possess, or sell or otherwise dispose of the firearm in furtherance of a felony, a Federal crime of terrorism, or a drug trafficking crime; or
> (3) intends to sell or otherwise dispose of the firearm to a person described in paragraph (1) or (2).

36.     As set forth above, the Defendant Property is property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 932.  This property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(l)(C).

## SECOND CAUSE OF ACTION
### 18 U.S.C. § 981(a)(1)(C)
### (forfeiture related to violation of 18 U.S.C. § 933)

37.     The United States reasserts all allegations previously made.

38.     Under 18 U.S.C. § 981(a)(l)(C),  any property which constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," or a conspiracy to commit such offense, is subject to forfeiture to the United States.

39.     Under 18 U.S.C. § 1956(c)(7)(D),  an offense under 18 U.S.C. § 933 related to trafficking in firearms is a specified unlawful activity.

40.     18 U.S.C. § 933 makes it unlawful or any person to:

41.     ship, transport, transfer, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knowns or has reasonable cause to believe that the use, carrying or possession of a firearm by the recipient would constitute a felony (as defined in section 932(a));

    (2) receive from another person any firearm in or otherwise affecting interstate or foreign commerce, if the recipient knows or has reasonable cause to believe that such receipt would constitute a felony; or

    (3) attempt or conspire to commit the conduct described in paragraph (1) or (2).

42.     As set forth above, the Defendant Property is property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 933.  This property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(l)(C).

## **REQUEST FOR RELIEF**

WHEREFORE, the United States respectfully asserts that the Defendant Property is forfeitable to the United States under 18 U.S.C. § 981(a)(1)(C).

The United States further requests:

A.     That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b)(ii),  the Clerk of the Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property.

B.     That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

C.     That a Judgment of Forfeiture be decreed against the Defendant Property;

D.     That upon the issuance of a Judgment of Forfeiture, the United States Marshals Service or its delegate be able to dispose of the Defendant Property according to law; and

E.     That the United States receives its costs of court and all further relief to which it is entitled.

DATED this 5th day of April, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY


*/s/ Elyse J. Lyons*
Elyse J. Lyons
Assistant United States Attorney
Texas Bar No. 24092735
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8774
Facsimile: 214-659-8805
Elyse.lyons@usdoj.gov

ATTORNEY FOR PLAINTIFF

## VERIFICATION

I am a Special Agent with the Drug Enforcement Agency (DEA).  As a Special Agent with the DEA, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed on this __5__ day of April 2024.


   */s/ Katie Durham*_____
Special Agent Katie Durham
Drug Enforcement Agency